IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00422-MR

| | |
|---|---|
| ONDRE T. HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CALEB C. SKIPPER, et al., | )   **ORDER** |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing the circumstances of a 2019 police encounter related to Mecklenburg County Superior Court Case Nos. 21CRS007014 and 21CRS007015.[1] [Doc. 1 at 2, 7-8]. He asserts claims under the Fourth,

---

[1] The Plaintiff was a pretrial detainee at the Mecklenburg County Detention Center when he filed the instant case. According to the North Carolina Department of Public Safety (NCDPS) website, the Plaintiff was admitted to the Piedmont Correctional Institution on October 14, 2022. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method= view&offenderID=1694305&searchLastName=hunter&searchFirstName=ondre&search DOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 28, 2022); Fed. R. Evid. 201. The Plaintiff has filed a Notice of Change of Address informing the Court of this change. [Doc. 8]. However, the inmate number he provides in his Notice does not match the information on the NCPDS website. The Court will instruct the Clerk

Fifth, and Fourteenth Amendments of the U.S. Constitution and Article 1, Sections 19, 20, and 23 of the North Carolina Constitution. [Id. at 3].

He names as Defendants in their official and individual capacities: Caleb C. Skipper, a Charlotte Mecklenburg Police Department (CMPD) officer, and Patrick Diekhaus, a CMPD lead detective. As injury, he claims that he was detained and charged with two robberies for which a conviction is "foreseeable" because the charges are part of a "globle [sic] plea." [Id. at 8]. He seeks: the suppression of the evidence obtained for the two robbery charges; for Defendant Deikhaus to be "impreached"; dismissal of the charges for "lack of evidence"; a declaratory judgment; compensatory and punitive damages; and an award of costs, fees, and interest. [Id.] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

to mail copies of this Order to the Plaintiff using both sets of information in an abundance of caution. The Plaintiff is reminded that he must keep the Court apprised of his *correct* address information at all times, and that the failure to do so may result in the dismissal of this action. [See Doc. 3 at 2].

2

Case 3:22-cv-00422-MR    Document 9    Filed 11/14/22    Page 2 of 12

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Official Capacity Claims

The Plaintiff purports to sue the Defendants in their official and individual capacities. Suits against sheriffs and their employees in their

3

official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002), aff'd, 57 F. App'x 141 (4th Cir. 2003). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). Here, the Plaintiff does not allege that any Sheriff's Office policy or custom played a part in the alleged violation of his constitutional rights. Accordingly, the Plaintiff's claims against the Defendants in their official capacities are dismissed without prejudice.

### C. False Arrest/ Imprisonment

The Plaintiff claims that the armed robberies at issue occurred on May 29, 2019 and June 2, 2019 [Doc. 1 at 5]; that on June 3, 2019, Defendant Skipper observed Plaintiff "matching the description," i.e., an "African American male riding a lime/yellow city bicycle with a reflective vest on" [id. at 4, 7]; that Skipper went "fishing for some evidence" by telling the Plaintiff he heard that Plaintiff was involved in snatching a pocketbook [id. at 4]; that the Plaintiff said he did not know anything, yet Skipper handcuffed him,

4

searched him, and retrieved items including drug paraphernalia, an orange knife, a yellow/lime green reflective vest, and a light blue hat, and transported him to police headquarters for an interview [id.]. He asserts that Skipper lacked probable cause to arrest or transport him to the station for questioning because the Plaintiff did not make any incriminating statements and "the suspect was not identified by no physical evidence, nor there were no video to prove the physical presence of the suspect." [Id. at 4-5] (errors uncorrected).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. Amend. IV. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must

allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). Damages for a false arrest claim covers the time of the detention up until issuance of process or arraignment. Heck v. Humphrey, 512 U.S. 477, 484 (1994).

The Plaintiff has failed to state a claim for a Fourth Amendment violation because he admits that he "match[ed]" the robbery suspect's description the day after one of the robberies. The Plaintiff's reliance on the lack of any "physical evidence," video, or incriminating statement is unavailing. See generally Porterfield, 156 F.3d at 569; United States v. Adams, 971 F.3d 22, 32 (1st Cir. 2021) (probable cause "may be premised on either direct or circumstantial evidence or some combination of the two"); United States v. Abusnea, Case No. 4:20-cr-301-M-1, 2021 WL 1080740 (E.D.N.C. March 18, 2021) (finding that probable cause to support an arrest was established by circumstantial evidence). The Plaintiff's detention and transportation to headquarters were further supported by the Plaintiff's possession of drug paraphernalia, and a knife that was apparently used in one of the robberies. [See Doc. 1 at 5]. The Plaintiff's Fourth Amendment claims are, therefore, dismissed.

## C. Evidence Fabrication

The Plaintiff claims that, at the police station, Defendant Diekhaus questioned him about the robberies; that Plaintiff told Diekhaus that, "do to the fact [that the Plaintiff] was tackle to the ground by the victim my knife came out (fell out)…;" that Deikhaus falsely "wrote Plaintiff confessed to pulling out a knife on the store employee of the 7-11 on both occasions" even though "that statement is not on the recorded interview audio"; that Diekhaus "intentionally or recklessly falsified the challenged statements, by using psychology to coerce a fabrication willingness to affirmatively distort the truth to strengthen the case"; and that a future conviction is the reasonably foreseeable result of Diekhaus' act. [Doc. 1 at 5] (errors uncorrected).

The Fourteenth Amendment[2] protects "against deprivations of liberty accomplished without due process of law." Baker v. McCollan, 443 U.S. 137, 145, (1979) (internal quotation marks omitted). The Fourth Circuit has recognized a due process right not to be deprived of liberty as a result of fabrication of evidence by a government officer acting in an investigating capacity. Massey, 759 F.3d at 354 (internal quotation marks and citation omitted). However, "fabrication alone is not sufficient to state a claim for a

---

[2] Because the Plaintiff has not named any federal actor as a defendant, the relevant due process protections are found in the Fourteenth Amendment, rather than the Fifth Amendment,. See Massey v. Ojaniit, 759 F.3d 343, 354 n. 5 (4th Cir. 2014).

7

due process violation." Burgess v. Goldstein, 997 F.3d 541, 553 (4th Cir. 2021). "[A] plaintiff must plead adequate facts to establish that the loss of liberty – i.e., his conviction and subsequent incarceration – resulted from the fabrication." Massey, 759 F.3d at 354. In other words, a plaintiff must plead facts to indicate that the fabrication caused his convictions, or that the convictions were the reasonably foreseeable result of the fabrication. Id. at 356.

The Plaintiff's allegation that Defendant Deikhaus lied about the Plaintiff confessing to pulling a knife on the robbery victims fails to state a claim. A review of Mecklenburg County Superior Court records reveals that the Plaintiff was charged with felony robbery with a dangerous weapon in Case Nos. 21CRS007014 and 21CRS007015. The Plaintiff pleaded guilty in Case No. 21CRS007015 to the lesser offense of felony common law robbery and was sentenced to between 24 and 38 months' imprisonment, and it appears that Case No. 21CRS007014 was dismissed. See Fed. R. Evid. 201. As the Plaintiff was not convicted of armed robbery in either case, he has failed to establish that Defendant Deikhaus' alleged fabrication resulted in any loss of liberty. This claim is, therefore, dismissed.

### D. Miranda Violation

The Plaintiff also appears to suggest that the Defendant Deikhaus violated the Fifth Amendment by failing to provide him with Miranda[3] warnings before questioning him. [Id. at 7 (referring to "Miranda rights")].

The Supreme Court has found that a violation of the Miranda prophylactic rule does not provide a basis for a § 1983 claim. Vega v. Tekoh, 142 S.Ct. 2095 (2022). Therefore, to the extent that the Plaintiff claims that either Defendant violated the Miranda rule, this claim is dismissed.

### E. Relief

The Plaintiff seeks declaratory and injunctive relief, i.e., the suppression of evidence, impeachment of Defendant Deikhaus, and dismissal of the criminal charges in Case Nos. 21CRS007014 and 21CRS007015. These claims appear to be moot as to Case No. 21CRS007014 because that case was dismissed. As to Case No. 21CRS007015, any challenge to his conviction or imprisonment is not cognizable in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

from that imprisonment, his sole federal remedy is a writ of habeas corpus"). The Plaintiff must raise those claims, if at all, in a separate civil action.[4] See generally 28 U.S.C. § 2254. Thus, the Plaintiff's requests for declaratory and injunctive relief are dismissed.

## F. Supplemental Jurisdiction

Finally, the Plaintiff attempts to assert claims for violations of the North Carolina Constitution.

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss

---

[4] The Court makes no determinations about the potential merit or procedural viability of such an action.

the related state claims if there is a good reason to decline jurisdiction. See §
1367(c)(1), (2), and (4).

As no federal claim has passed initial review, the Court declines to exercise supplemental jurisdiction over the Plaintiff's claims under North Carolina law at this time. Id.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted and the Complaint is dismissed.

The Court will allow the Plaintiff thirty (30) days to file a superseding Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file a superseding Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2254 form, and a copy of this Order to his address of record as well as to him at Inmate No. 1694305.

**IT IS SO ORDERED.**

Signed: November 11, 2022

Martin Reidinger
Chief United States District Judge